UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RENE THERRIEN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 2:25-cv-00298-LEW |
| ) | |
| CUMBERLAND COUNTY JAIL, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff alleges that when he arrived at the Cumberland County Jail following his arrest, he was treated improperly and placed in an unsanitary cell. (Complaint, ECF No. 1.) As defendants, Plaintiff lists the Cumberland County Jail, a sergeant at the jail, and the officers in booking on the day of his arrival.

In addition to his complaint, Plaintiff filed a motion to proceed without prepayment of fees and costs (ECF No. 4), which motion the Court granted. (Order, ECF No. 6.) In accordance with the governing statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter unless within fourteen days of the date of this Recommended Decision, Plaintiff amends the complaint to address the deficiencies identified herein.

**FACTUAL BACKGROUND**

Plaintiff alleges that after he was arrested, he was transported to the Cumberland County Jail and placed in a cell in the booking area. (Complaint at 3.) Plaintiff asserts that

after he asked the nurse to talk to him through the door, he was "handled very violently" and placed in another cell "naked" with human waste on the floor. (*Id.*) According to Plaintiff, when he complained about the condition of the cell, he "was told to push [the human waste] in the drain." (*Id.*)

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661,

at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Plaintiff's claim against the Cumberland County Jail is a claim against Cumberland County. *See Henschel v. Worcester Police Dept.*, 445 F.2d 624, 624 (1st Cir. 1971) (dismissing claim under 42 U.S.C. § 1983 against police department because it was not suable entity apart from the municipality). Municipal or governmental entities, like Cumberland County, cannot be vicariously liable for a constitutional deprivation simply because the deprivation was caused by an employee. *Welch v. Ciampa,* 542 F.3d 927, 941 (1st Cir. 2008) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)). For a municipality to be liable for a constitutional deprivation, the plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997). Plaintiff has not alleged the existence of a policy or custom that would serve as a basis for the liability of Cumberland County. Plaintiff, therefore, has not alleged an actionable claim against Cumberland County.

Plaintiff's claims against the unnamed individual defendants could be construed to attempt to assert a claim based on the use of excessive force or a claim based on the conditions of confinement. The Eighth Amendment to the United States Constitution prohibits excessive bail, excessive fines, and the infliction of cruel and unusual punishment. U.S. Const. amend. VIII. "A punishment is cruel and unusual if it involves the unnecessary and wanton infliction of pain." *Elliott v. Norwood*, Nos. 1:18-cv-00449-

3

JAW, 1:18-cv-00450-JAW, 2019 WL 521592, at *2 (D. Me. Feb. 11, 2019) (citing *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  A claim of excessive force in violation of the Eighth Amendment "has two components—one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect." *Staples v. Gerry*, 923 F.3d 7, 13 (1st Cir. 2019) (quoting *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009)).  To establish a conditions of confinement violation, a plaintiff must show that "from an objective standpoint, the conditions of his confinement deny him the minimal measure of necessities required for civilized living," and "from a subjective standpoint, the defendant was deliberately indifferent to inmate health or safety." *Surprenant v. Rivas*, 424 F.3d 5, 18–19 (1st Cir. 2005) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

      Plaintiff's allegations do not support either claim.  Plaintiff's conclusory allegation that he was "handled very violently" lacks the necessary detail to assert an actionable excessive force claim.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 676–77 (2009); *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020) (stating a plaintiff must include "the crucial detail[s] of who, what, when, where, and how" in pleading).

      While unsanitary conditions of confinement can constitute cruel and unusual punishment, actionable cases have involved prolonged exposure to unsanitary conditions, which exposure at a minimum consisted of multiple days.  *Hutto v. Finney,* 437 U.S. 678, 686 – 87 (1978) ("[T]he length of confinement cannot be ignored .... A filthy, overcrowded cell ... might be tolerable for a few days and intolerably cruel for weeks or months."); *See*, *e.g.*, *McBride v. Deer*, 240 F.3d 1287, 1292 (10th Cir. 2001) (three days in

4

proximity to human waste without adequate cleaning supplies deemed sufficient to state a non-frivolous claim); *Smith v. Copeland,* 87 F.3d 265, 269 (8th Cir. 1996) (affirming entry of summary judgment where plaintiff was subjected to an overflowed toilet for four days). *See also Davenport v. DeRobertis,* 844 F.2d 1310, 1316 (7th Cir.1988) ("limiting inmates to one shower a week does not violate the Eighth Amendment"). Although Plaintiff does not allege the length of time he was in the unsanitary cell, because he was apparently placed in the cell at some point during the booking process, Plaintiff was evidently exposed to the conditions for a relatively short period of time. In any event, Plaintiff has not alleged that he was exposed to the conditions for a length of time that would constitute a constitutional violation.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the complaint unless within fourteen days of the date of this Recommended Decision, Plaintiff amends the complaint to address the deficiencies identified herein.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                      /s/ John C. Nivison
                                      U.S. Magistrate Judge

Dated this 9th day of July, 2025.